UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jose I.,

          Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*;

          Respondents.

File No. 26-CV-1499 (JMB/DTS)

**ORDER**

---

Josiah Lindstrom, Trautmann Martin Law, PLLC, Minneapolis, MN, for Jose I.

David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

---

This matter is before the Court on Petitioner Jose I.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood (together, Respondents) are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

## FINDINGS OF FACT[2]

1.      Jose I. is a citizen of Venezuela who has lived in the United States since July 1997. (Pet. ¶ 12.) Jose I. has a pending immigration case or application. (*Id.* at 13.) He has a Permanent Resident card that is valid until April 4, 2030. (*Id.*) He does not have a final order of removal. (*Id.*)

2.      Jose I. was convicted of multiple felonies between 2020 and 2024 related to domestic assaults and violations of domestic abuse no-contact orders. (*Id.* ¶ 21.)

3.      On February 13, 2026, Immigration and Customs Enforcement (ICE) detained Jose I. (*Id.* ¶ 14.) There was no warrant for this arrest. (*Id.*)

4.      Jose I. filed his Petition on February 18, 2026. (Pet.) He asks the Court to immediately release him from custody or, in the alternative, to hold a prompt bond hearing to determine whether he should remain in custody. (*Id.* at 16–17.)[3]

5.      On February 18, 2026, the Court ordered Respondents to respond to the Petition by February 20, 2026, at 11:00 a.m. CT "certifying the true cause and proper duration of Petitioner's confinement and showing cause as to why the writ should not be granted in this case," including providing any supporting documentation that may be

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g., Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

[3] The Court concludes that any transfer of Jose I. outside of Minnesota after the Court's February 18, 2026 Order would violate the Court's order. (*See* Doc. No. 5.)

needed to establish the lawfulness of Jose I.'s arrest and addressing whether "the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (Doc. No. 5.)

## DISCUSSION

Respondents oppose the Petition, arguing that Jose I. is subject to mandatory detention under 8 U.S.C. § 1226(c) because he has been convicted of at least one felony. The Court concludes that Jose I.'s felony convictions took place outside of the applicable statutory time period and that section 1226(c) therefore does not apply. The Court concludes instead that section 1226(a) applies here. The Court therefore grants the Petition in part and orders immediate release.

### A. Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The

3

petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B. Interpretation of 1226(c)

Respondents argue that detention is mandatory under 8 U.S.C. § 1226(c) due to Jose I.'s 2024 conviction for felony violation of a domestic abuse no-contact order. (Doc. No. 7 at 3; *see* Doc. No. 8-3 at 1.) Under section 1226(c)(1)(C), the Attorney General shall take into custody any noncitizen who "is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the [noncitizen] has been sentence[d] to a term of imprisonment for at least 1 year." Respondents claim that Jose I. is deportable under section 1227(a)(2)(A)(i)(II) because Jose I.'s violation of the domestic abuse no-contact order is a crime for which a sentence of one year or longer may be imposed. *See* Minn. Stat. § 629.75, subd. 2(d)(1).

Respondents misread the applicable statute. Section 1227(a)(2)(A)(i) provides that a noncitizen who "(I) is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of [a noncitizen] provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, *and* (II) is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable" (emphasis added). Respondents correctly establish section 1227(a)(2)(A)(i)(II)—that Jose I. was convicted of a crime for which a sentence of one year or longer may be imposed. However, Respondents fail to address section 1227(a)(2)(A)(i)(I), which provides a time limit. Here, Jose I. is a lawful permanent resident (Pet. ¶ 12), so the crime must have been

4

committed within ten years of the date of admission. Jose I. was admitted in 1997, and so a crime that would satisfy section 1227(a)(2)(A)(i)(I) would have had to have been committed before 2007. Jose I.'s conviction for felony violation of a domestic abuse no-contact order took place in 2024—far outside of the statutory time period. (Pet. ¶ 21.) He is therefore not subject to section 1227(a)(2)(A)(i), nor is he subject to mandatory detention under 1226(c).

C. **Interpretation of 1225**

Although Respondents did not address the applicability of sections 1225 or 1226, in other cases Respondents rely on an incorrect interpretation of these sections to justify detention without a bond hearing. Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432

5

(2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Jose I. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section

6

1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

Therefore, the Court concludes that Jose I.'s detention is governed by section 1226(a), and he is not subject to section 1225(b).

### D.   Independent Grounds for Relief

The Court grants the Petition and orders release for another independent reason. Because section 1226(a) applies, a warrant was a prerequisite to Jose I.'s detention. *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)). The Petition alleges that Jose I.'s arrest was warrantless (Pet. ¶ 14). Although Respondents attach an administrative arrest warrant dated February 13, 2026 (Doc. No. 8-1), Respondents provide no additional

7

information or any affidavit explaining the attached document's authenticity or, crucially, when it was signed. Absent any factual information that the arrest warrant was signed prior to Luis P.'s arrest—and not after the fact—the Court cannot conclude that his arrest complied with the requirements of section 1226(a). Likewise, Respondents do not provide any underlying affidavit or application for the administrative warrant. Absent such information, the Court cannot conclude that the administrative warrant was valid. Furthermore, the warrant provides no basis for determining probable cause. Consequently, on this independent basis, the Court grants the Petition and orders Jose I.'s immediate release.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED, as follows:

1. Respondents are ORDERED to release Petitioner Jose I. from custody immediately in Minnesota without conditions, and in any event on or before 4:00 p.m. CT on February 26, 2026. Respondents are further ordered to provide advanced notice to Petitioner's Counsel of the time and location of the release.

2. On or before 11:00 a.m. CT on February 27, 2026, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota without conditions in accordance with this Order. Counsel shall also file a declaration on or before 11:00 a.m. CT on February 27, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).

3. Jose I. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

5. Petitioner's Motion for Order to Show Cause (Doc. No. 2) is DENIED AS MOOT.

6. Petitioner's Reply (Doc. No. 10) is STRICKEN as untimely.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 25, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court